## UNITED STATES COURT OF INTERNATIONAL TRADE

```
_____x
                                        :
                                        :
JINKO SOLAR IMPORT AND EXPORT CO., LTD.,:
JINKO SOLAR CO., LTD., JINKO SOLAR      :
(HAINING) CO., LTD. (F/K/A JINKO SOLAR  :
TECHNOLOGY (HAINING) CO., LTD.), ZHEJIANG:
JINKO SOLAR CO., LTD., YUHUAN JINKO SOLAR:
CO., LTD., JINKOSOLAR (SHANGRAO) CO., LTD.,:   Court No. 26-00811
JINKOSOLAR (CHUZHOU) CO., LTD.,         :
JINKOSOLAR (YIWU) CO., LTD., JINKO SOLAR:
(MALAYSIA) SDN. BHD., JINKO SOLAR       :
TECHNOLOGY SDN. BHD., JINKOSOLAR        :
MIDDLE EAST DMCC, JIANGSU JINKO         :
TIANSHENG SOLAR CO., LTD., JINKO SOLAR  :
INTERNATIONAL LIMITED, JINKO SOLAR      :
(VIETNAM) INDUSTRIES COMPANY LIMITED    :
(JINKO SOLAR (VIETNAM) INDUSTRIES       :
CO., LTD.), JINKOSOLAR (U.S.) INC., and  :
JINKO SOLAR (U.S.) INDUSTRIES INC.,     :
                                        :
                    Plaintiffs,         :
         v.                             :
                                        :
UNITED STATES,                          :
                                        :
                    Defendant.          :
                                        :
_____x
```

## **COMPLAINT**

Plaintiffs Jinko Solar Import and Export Co., Ltd., Jinko Solar Co., Ltd., Jinko Solar (Haining) Co., Ltd. (f/k/a Jinko Solar Technology (Haining) Co., Ltd.), Zhejiang Jinko Solar Co., Ltd., Yuhuan Jinko Solar Co., Ltd., JinkoSolar (Shangrao) Co., Ltd., JinkoSolar (Chuzhou) Co., Ltd., JinkoSolar (Yiwu) Co., Ltd., Jinko Solar (Malaysia) Sdn. Bhd., Jinko Solar Technology Sdn. Bhd., Jinkosolar Middle East DMCC, Jiangsu Jinko Tiansheng Solar Co., Ltd., Jinko Solar International Limited, Jinko Solar (Vietnam) Industries Company Limited (Jinko Solar (Vietnam) Industries Co., Ltd.), JinkoSolar (U.S.) Inc., and Jinko Solar (U.S.) Industries Inc.

(collectively, "Jinko" or "Jinko Solar"), by and through undersigned counsel, hereby allege and state as follows.

## ADMINISTRATIVE DETERMINATION TO BE REVIEWED

1. Jinko seeks review of the final determination of the U.S. Department of Commerce, International Trade Administration's ("Commerce" or "Department") eleventh administrative review ("AR11") of the antidumping duty ("ADD") duty Order on crystalline silicon photovoltaic cells, whether or not assembled into modules ("solar cells"), from the People's Republic of China ("China"), having the period of review ("POR") spanning December 1, 2022 – November 30, 2023, published as *Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, from the People's Republic of China: Final Results of Antidumping Duty Administrative Review and Final Determination of No Shipments; 2022-2023*, 90 Fed. Reg. 60,060 (Dec. 23, 2025) (*"Final Results"*).

2. The challenged determinations, findings, and conclusions are set out primarily in the Commerce's Issues and Decision Memorandum ("IDM"), dated December 17, 2025, accompanying the *Final Results*, 90 Fed. Reg. 60,060.

## JURISDICTION

3. This action is filed pursuant to 19 U.S.C. §§ 1516a(a)(2)(A)(i) and 1516a(a)(2)(B)(i) to contest the *Final Results* issued by Commerce in AR11 of the ADD Order on solar cells from China. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c).

## STANDING OF PLAINTIFFS

4. Jinko participated in AR11 of the ADD Order on solar cells from China that resulted in the challenged *Final Results*. Therefore, Jinko is an interested party described under 19 U.S.C.

§ 1677(9)(A) and has standing to bring this action under 28 U.S.C. § 2631(c) and 19 U.S.C. § 1516(d).

## TIMELINESS OF THE ACTION

5. Parties to actions challenging Department determinations pursuant to 19 U.S.C. § 1516a(a)(2)(B)(i) regarding ADD administrative reviews must file a summons within 30 days of the date of publication in the Federal Register of the final determination. 19 U.S.C. § 1516a(a)(2)(A)(i). Commerce published the *Final Results* on December 23, 2025.

6. This action was timely commenced within thirty days of the date of publication of the *Final Results* through the filing of the Summons on January 22, 2026. This Complaint is timely filed within 30 days of the filing of Jinko's Summons. Therefore, both the Summons and this Complaint have been timely filed in accordance with 19 U.S.C. § 1516a(a)(2)(A), 28 U.S.C. § 2636(c), and pursuant to Rules 3(a)(2) and 6(a) of this Court.

## BACKGROUND

7. On December 29, 2023, the American Alliance for Solar Manufacturing Alliance timely filed a request that the Department conduct AR11 of the ADD Order on solar cells from China with respect to 66 companies, including thirteen Jinko companies.

8. On February 8, 2024, Commerce initiated AR11 of the ADD Order on solar cells from China, listing the thirteen Jinko companies for whom a review was requested. *Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 89 Fed. Reg. 8641 (Feb. 8, 2024).

9. On February 14, 2024, Commerce released Customs and Border Protection ("CBP") data specifying entries of subject merchandise for the companies for which AR11 was initiated.

10. On March 25, 2024, Jinko timely filed a No Shipment Letter, attesting to the fact that it

did not have exports of solar cells in AR11.

11. On March 25, 2024, Jinko filed a Separate Rate Application ("SRA") for three Jinko companies who were subject to AR11: Jinko Solar (Malaysia) Sdn. Bhd.; Jinko Solar Technology Sdn. Bhd.; and Jinkosolar Middle East DMCC. In its SRA, Jinko stated that it was submitting the SRA "out of an abundance of caution, in light of the uncertainty as to how the Department will administer the Moratorium Certification required for certain shipments of non-subject merchandise exported from Cambodia, Malaysia, Thailand and Vietnam."

12. On May 14, 2024, the Department published a notice of its intent to rescind AR11 with respect to the following Jinko companies whose shipments had been subject to AR11: Jinko Solar Import and Export Co., Ltd.; Jinko Solar Co., Ltd.; JinkoSolar Technology (Haining) Co., Ltd.; Yuhuan Jinko Solar Co., Ltd.; Zhejiang Jinko Solar Co., Ltd.; Jiangsu Jinko Tiansheng Solar Co., Ltd.; JinkoSolar (Chuzhou) Co., Ltd.; JinkoSolar (Yiwu) Co., Ltd.; and JinkoSolar (Shangrao) Co., Ltd. Commerce reasoned that "the CBP data showed no suspended entries of subject solar cells during the POR for the companies for which Commerce initiated this administrative review that are listed in the Attachment to this memorandum" and that "in the absence of any suspended entries of subject solar cells during the POR from the companies listed in the Attachment to this memorandum, Commerce hereby notifies all interested parties of its intent to rescind this review with respect to the companies that are listed in the Attachment to this memorandum."

13. In April 2025, Commerce preliminarily determined there were no entries, exports, or sales of solar cells for Jinko during AR11. *Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, from the People's Republic of China: Preliminary Results and Partial Rescission of Antidumping Duty Administrative Review and Preliminary Determination of No*

*Shipments; 2022–2023*, 90 Fed. Reg. 15,439, 15,440 & n.7 (Apr. 11, 2025) ("*Preliminary Results*").

14. In its Preliminary Decision Memorandum accompanying the *Preliminary Results*, Commerce stated that CBP entry data for AR11 show no entries of subject merchandise from 36 companies without a separate rate for which Commerce initiated this review. Commerce continued: "Because there were no entries of subject merchandise from these companies during the POR for Commerce to examine in this administrative review, and these companies did not have a separate rate, these companies remain in the China-wide entity." The companies included four Jinko companies: Jinko Solar (Malaysia) Sdn. Bhd.; Jinko Solar International Limited; Jinko Solar Technology Sdn. Bhd.; and JinkoSolar Middle East DMCC.

15. On April 7, 2025, Commerce expressly stated that Jinko entities subject to AR11 did not export or enter solar cells from China during AR11: "There is no evidence in the CBP entry documents that Jinko Solar exported, or sold . . . to the United States. Moreover, the shipping documents indicate that the merchandise was shipped to the United States . . . . This supports a finding that . . . would have indicated . . . knowledge that the merchandise was destined for the United States. After reviewing the above evidence, we preliminarily find that these records do not contradict Jinko Solar's 'no shipment' certification."

16. Between May and June 2025, CBP advised JinkoSolar (U.S.) Inc., and Jinko Solar (U.S.) Industries Inc. (collectively, "Jinko U.S. Entities") that certain Anticircumvention ("AC") Certifications which Jinko Solar submitted to CBP for shipments entered during AR11 were invalid, and changed Jinko U.S. Entities' entries in the CBP system from types not subject to ADD/ countervailing duty ("CVD") Orders, such as entry Type "01", to types subject to the ADD/CVD Orders on solar cells from China, such as entry Type "03". The entries that were

changed included solar products exported from Malaysia by Jinko companies – Jinko Solar (Malaysia) Sdn. Bhd.; and Jinko Solar Technology Sdn. Bhd. – and solar products exported from Vietnam by a Jinko company and other companies.

17.     All Jinko exports of solar cells and solar modules entered in AR11 for which CBP changed the status from types not subject to ADD/CVD Orders, such as entry Type "01", to types subject to the ADD/CVD Orders on solar cells/modules from China, such as entry Type "03", incorporated wafers produced in Vietnam and cells produced in Vietnam or Malaysia. None of these solar products fall within the scope of the ADD/CVD Orders on solar cells from China.

18.     On August 27, 2025, Jinko submitted a letter asking Commerce to include Jinko exports and imports in AR11.

19.     Jinko's August 27, 2025, request was based on the fact that in an August 23, 2023, decision in the AC inquiries of solar cells from China, Commerce expressly and unequivocally stated that: "If CBP determines that an importer or exporter's certification does not conform to Commerce's requirements, such that the entry is subject to the *Orders*, the importer or exporter can request an administrative review of that entry wherein Commerce will determine the appropriate AD/CVD assessment for the entry." *Antidumping and Countervailing Duty Orders on Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, from the People's Republic of China*, 88 Fed. Reg. 57,419 (Aug. 23, 2023), IDM for the Socialist Republic of Vietnam Comment 15 & IDM for Malaysia Comment 14.

20.     Jinko stated that "good cause" existed for Commerce to accept its August 27, 2025 letter because the letter: (1) "contains information relating to this review period, which was not available prior to the Department's preliminary results;" and (2) "modifies information

previously submitted by Jinko Solar as to whether Jinko Solar had exports and entries of subject merchandise during the POR."

21. On November 24, 2025, Commerce rejected Jinko's August 27, 2025, letter as untimely, and removed the letter from the administrative record. Commerce did so because "the deadline for filing this type of factual information is 30 days before the scheduled date of the preliminary results of review which is March 10, 2025" and that "the extended deadline for filing written arguments, such as those contained in . . . Jinko Solar's submissions, was no later than May 9, 2025. However, . . . Jinko Solar filed the submissions in question on . . . August 27, 2025, . . . after the deadlines noted above."

22. On December 17, 2025, Commerce issued its *Final Results*, finalizing its determination that certain Jinko entities remained part of the China-Wide entity. *Final Results*, 90 Fed. Reg. at 60,062.

23. In its *Final Results*, Commerce stated that: (1) in the *Preliminary Results*, Commerce determined that Jinko Solar did not ship subject merchandise to the United States during the POR; (2) no parties filed timely arguments disputing Commerce's no shipment determination; and (3) we continue to find that Jinko Solar did not ship subject merchandise to the United States during the POR.

24. In its *Final Results*, Commerce stated that "although CBP data on the record does not show any entries of subject merchandise during the POR from the companies listed in Appendix II of this notice {(including Jinko Solar (Malaysia) Sdn. Bhd., Jinko Solar International Limited; Jinko Solar Technology Sdn. Bhd., and JinkoSolar Middle East DMCC)}, if there are such entries they will be assessed antidumping duties at the China-wide entity rate of 238.95 percent."

25. In its IDM accompanying the *Final Results*, Commerce reasoned that CBP "has the

ultimate authority to assess the certifications at issue without necessarily consulting with, or receiving approval of its decisions from, Commerce," and that "in this instance, Commerce declines to issue any instructions to CBP regarding CBP's review of the at-issue certifications."

26.     On December 19, 2025, Jinko submitted a letter requesting that Commerce include Jinko AR11 entries in the subsequent, twelfth administrative review of solar cells from China ("AR12"), or alternatively conduct a separate Annual Review of Jinko entries. Jinko stated that: (1) Jinko Solar previously had submitted a timely "No Shipment" letter in AR11; (2) CBP recently had advised Jinko Solar that the AC Certifications which Jinko Solar submitted to CBP are invalid, which means that Jinko Solar currently has entries subject to AR11; (3) Commerce has taken the position that "if CBP determines that an importer or exporter's certification does not conform to Commerce's requirements, such that the entry is subject to the *Orders*, the importer or exporter can request an administrative review of that entry wherein Commerce will determine the appropriate AD/CVD assessment for the entry"; (4) Commerce should include Jinko Solar entries in an administrative review "wherein Commerce will determine the appropriate AD/CVD assessment" for Jinko Solar entries; (5) Commerce should determine that it is inappropriate to assess any ADD duties on Jinko entries; and (6) Commerce is required to expand the POR to cover all suspended entries resulting from CBP's actions, even if a normal review opportunity has passed, *i.e.*, if Commerce concludes that Jinko Solar's entries during the 12/1/22 – 11/30/23 POR should not be covered by that review, Commerce should include these entries into the 12/1/23 – 11/30/24 POR. Commerce did not respond to this Jinko letter.

## STATEMENT OF CLAIMS

## COUNT ONE

27.     Paragraphs 1 to 26 are adopted, incorporated and re-alleged here by reference.

28. Commerce's decision that entries of solar products exported by Jinko Solar (Malaysia) Sdn. Bhd., Jinko Solar International Limited, Jinko Solar Technology Sdn. Bhd. and JinkoSolar Middle East DMCC should be assessed ADD at the China-wide entity rate of 238.95 percent was not supported by substantial evidence and was otherwise not in accordance with law.

## COUNT TWO

29. Paragraphs 1 to 26 and 28 are adopted, incorporated and re-alleged here by reference.

30. Commerce's decision to reject Jinko Solar's August 27, 2025 letter, containing information that Jinko had exports of entries of solar products subject to AR11 because of CBP's decision to reject Jinko AC Certifications, was not supported by substantial evidence and was otherwise not in accordance with law.

## COUNT THREE

31. Paragraphs 1 to 26, 28, and 30 are adopted, incorporated and re-alleged here by reference.

32. Commerce's decision to ignore Commerce's express and unequivocal directive that "if CBP determines that an importer or exporter's certification does not conform to Commerce's requirements, such that the entry is subject to the *Orders,* the importer or exporter can request an administrative review of that entry wherein Commerce will determine the appropriate ADD/CVD assessment for the entry" was not supported by substantial evidence and was otherwise not in accordance with law.

## COUNT FOUR

33. Paragraphs 1 to 26, 28, 30, and 32 are adopted, incorporated and re-alleged here by reference.

34. Commerce's decision that certain Jinko entities had no exports or entries subject to AR11, after Jinko Solar had advised Commerce that such exports and entries because of a

9

decision by CBP reject Jinko Certifications, was not supported by substantial evidence and was otherwise not in accordance with law.

## COUNT FIVE

35. Paragraphs 1 to 26, 28, 30, 32, and 34 are adopted, incorporated and re-alleged here by reference.

36. Commerce's decision that Jinko entries subject to AR11 should not be assessed a separate rate after Jinko had timely filed an SRA was not supported by substantial evidence and was otherwise not in accordance with law.

## COUNT SIX

37. Paragraphs 1 to 26, 28, 30, 32, 34, and 36 are adopted, incorporated and re-alleged here by reference.

38. Commerce's refusal to review CBP's decision that defects in Jinko's AC Certifications resulted in Jinko's AR11 entries being subjected to ADD at the China-wide was not supported by substantial evidence and was otherwise not in accordance with law.

## PRAYER FOR RELIEF

WHEREFORE, Jinko requests that this Court:

(a) hold that the Department's *Final Results* is unsupported by substantial evidence and is otherwise not in accordance with law;

(b) remand the *Final Results* to the Department with instructions to issue a new determination consistent with this Court's decision; and

(c) provide such other and further relief as this Court deems just and proper.

                                      Respectfully submitted,

                                      */s/ Ned H. Marshak*
Ned H. Marshak*
Jordan C. Kahn
Elaine F. Wang
Brandon M. Petelin

GRUNFELD, DESIDERIO, LEBOWITZ, SILVERMAN & KLESTADT LLP

*599 Lexington Ave., 36th Floor
New York, New York 10022
(212) 557-4000
**
1201 New York Ave., NW, Suite 650
Washington, DC 20005
(202) 783-6881

*Counsel to Plaintiffs Jinko Solar Import and Export Co., Ltd., Jinko Solar Co., Ltd., Jinko Solar (Haining) Co., Ltd. (f/k/a Jinko Solar Technology (Haining) Co., Ltd.), Zhejiang Jinko Solar Co., Ltd., Yuhuan Jinko Solar Co., Ltd., JinkoSolar (Shangrao) Co., Ltd., JinkoSolar (Chuzhou) Co., Ltd., JinkoSolar (Yiwu) Co., Ltd., Jinko Solar (Malaysia) Sdn. Bhd., Jinko Solar Technology Sdn. Bhd., Jinkosolar Middle East DMCC, Jiangsu Jinko Tiansheng Solar Co., Ltd., Jinko Solar International Limited, Jinko Solar (Vietnam) Industries Company Limited (Jinko Solar (Vietnam) Industries Co., Ltd.), JinkoSolar (U.S.) Inc., and Jinko Solar (U.S.) Industries Inc.*

Dated:  February 23, 2026

11

## CERTIFICATE OF SERVICE

      Pursuant to Rule 3(f) of the Rules of the Court of International Trade, I certify that on February 23, 2026, I caused a copy of the foregoing Complaint to be served upon the following individuals and notified all the interested parties who were a party to the proceeding below, by certified mail, return receipt requested:

**UPON THE UNITED STATES**
Attorney-In-Charge
International Trade Field Office
Commercial Litigation Branch
**U.S. Department of Justice**
Room 346
26 Federal Plaza
New York, New York 10278

Director, Civil Division
Commercial Litigation Branch
**U.S. Department of Justice**
1100 L Street, NW
Washington, DC 20005

**UPON THE U.S. DEPARTMENT OF COMMERCE**
General Counsel
Office of the Chief Counsel for
Import Administration
**U.S. Department of Commerce**
14th Street & Constitution Ave., NW
Washington, D.C. 20230

**On Behalf of the American Alliance for Solar Manufacturing**
Laura El-Sabaawi, Esq.
**Wiley Rein LLP**
2050 M Street, NW
Washington, DC 20036

**On Behalf of BYD (Shangluo) Industrial Co., Ltd., Shanghai BYD Co., Ltd., BYD H.K. Co., Ltd., Canadian Solar International Limited, Canadian Solar Manufacturing (Changshu), Inc., Canadian Solar Manufacturing (Luoyang), Inc., CSI Cells Co., Ltd., CSI Solar Co., Ltd. (f.k.a. CSI Solar Power (China) Inc.), CSI Solar Manufacturing (Fu Ning) Co., Ltd. (f.k.a. CSI-GCL Solar Manufacturing (YanCheng) Co., Ltd.), CSI Modules (DaFeng) Co., Ltd.**
Jonathan Thomas Stoel, Esq.
**Hogan Lovells US LLP**
555 Thirteenth Street, NW
Washington, DC 20004

**On Behalf of JA Solar USA Inc, JingAo Solar Co., Ltd., Shanghai JA Solar Technology Co., Ltd., Longi (HK) Trading Ltd., Longi Solar Technology Co. Ltd., Shenzhen Topray Solar Co., Ltd., Vina Cell Technology Company Limited, Vina Solar Technology Company Limited, and Zhejiang Aiko Solar Energy Technology Co., Ltd., JA Solar Vietnam Company Limited, JA Solar PV Vietnam Company Limited, JA Solar International Limited**
Jeffrey S. Grimson, Esq.
**Mowry & Grimson PLLC**
5335 Wisconsin Avenue, NW
Suite 810
Washington, DC 20015

**On Behalf of Trina Solar Co., Ltd.; Trina Solar (Changzhou) Science and Technology Co., Ltd.; Trina Solar Energy Development Company Limited; Trina Solar Science & Technology (Thailand) Ltd., and Red Sun Energy Long A Company Limited**
Jonathan M. Freed, Esq.
**Trade Pacific PLLC**
700 Pennsylvania Avenue, SE, Suite 500
Washington, DC 20003

**On Behalf of Hanwha Q CELLS USA, Inc.**
John M. Gurley, Esq.
**ArentFox Schiff LLP**
1717 K Street
Washington DC 20006

**On Behalf of Anji DaSol Solar Energy Science & Technology Co., Ltd. ("Anji DaSol")**
Brittney Powell, Esq.
**Fox Rothschild LLP**
2020 K Street, NW, Suite 500
Washington, D.C. 20006

**On Behalf of Risen Solar Technology Sdn. Bhd; Shenzhen Sungold Solar Co., Ltd.; Shenzhen Glory Industries Co., Ltd.; Boviet Solar Technology Co., Ltd.; Yingli Energy (China) Company Limited; Risen Energy Co., Ltd.; Xiamen Yiyusheng Solar Co., Ltd**
Gregory Menegaz, Esq.
**The Inter-Global Trade Law Group PLLC**
1156 15th Street, NW
Suite 1101
Washington, DC 20005

**On Behalf of Representative of Maodi Solar Technology (Dongguan) Co., Ltd**
Joyce Sun
**Gaopeng & Partners**
7/F, Tower B, Gateway Plaza, 18 Xiaguangli, Chaoyang District, Beijing 100027, China Washington, DC 20005

                               */s/* Ned H. Marshak
                                  Ned H. Marshak

15146006_1