**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE:  THE HONORABLE JOSEPH A. LAROSKI, JR., JUDGE

| | |
|---|---|
| JINKO SOLAR IMPORT AND EXPORT CO., LTD., ET. AL, <br><br>     Plaintiffs, <br><br>   and <br><br> BOVIET SOLAR TECHNOLOGY CO., LTD., <br><br>     Plaintiff-Intervenor, <br><br>   v. <br><br> UNITED STATES, <br><br>     Defendant, <br><br>   and <br><br> AMERICAN ALLIANCE FOR SOLAR MANUFACTURING, <br><br>     Defendant-Intervenor. | Court No. 26-00811 |

**DEFENDANT'S REPLY IN SUPPORT OF DEFENDANT'S
MOTION TO PARTIALLY DISMISS FOR
LACK OF SUBJECT MATTER JURISDICTION**

The United States respectfully submits this reply in support of our motion to partially

dismiss the complaint filed by, as relevant, plaintiffs Jinko Solar (Vietnam) Industries Company

Limited (Jinko Solar (Vietnam) Industries Co., Ltd.) (Jinko-VN) and JinkoSolar (U.S.) Inc.

(collectively, Jinko or plaintiffs), for lack of subject matter jurisdiction.[1]  In our motion, we established that this Court lacks jurisdiction to entertain Jinko's challenge to the final results of the Department of Commerce's 2022-2023 administrative review covering crystalline silicon photovoltaic cells, whether or not assembled into modules (solar cells) from the People's Republic of China (China).  In its response, Jinko disputes Commerce's interpretation of the Court's jurisdictional statute, 28 U.S.C. § 2631(c), and contends that Jinko is an interested party with standing to challenge the final results.  Jinko's arguments, however, cannot be reconciled with this Court's jurisdictional statute.

I.      **Jinko Solar Misinterprets the Statute and Is Not An Interested Party**

We explained in our motion that, for this Court to have jurisdiction under 28 U.S.C. § 2631(c) to entertain Jinko's challenge to the administrative review, the relevant companies, here Jinko-VN and JinkoSolar (U.S.) Inc. must have been both a party to the proceeding *and* interested parties.  Defendant's Motion (Def. Mot.), ECF No. 29 (April 16, 2026).  Jinko argues that it is a party to the proceeding with its filing of its August 27, 2025 letter requesting that Commerce review its entries.  *See* Plaintiffs' Response to Motion to Dismiss (Pl. Resp.), ECF No. 44 at 4-7.  Notably, Commerce rejected this letter as untimely.  *See* Letter from Department of Commerce Rejecting Filings (Nov. 24, 2025) (P.R. 262)[2].  However, regardless of whether the letter was rejected from the record, we do not dispute that Jinko participated in the administrative

---

[1] As noted in our motion, we are moving to dismiss only Jinko Solar (Vietnam) Industries Company Limited (Jinko Solar (Vietnam) Industries Co., Ltd.) and JinkoSolar (U.S.) Inc. who are the only plaintiffs relevant for the motion for a preliminary injunction.

[2] All references to the public and proprietary documents in this proceeding are abbreviated as "P.R. __" and "C.R. __," respectively.  *See* Administrative Record Index, ECF No. 27.

proceeding given Jinko's timely filing of a No Shipment Letter on March 25, 2024.  Letter from GDLSK to U.S. Department of Commerce (Mar. 25, 2024) (P.R. 81).  Nor do we dispute that, had review been timely requested by Jinko or by domestic industry, Commerce could have included Jinko's entries in the administrative review and determined an antidumping duty (AD) rate for such entries.

However, no party timely requested the administrative review of the Jinko plaintiffs and, thus, Commerce did not initiate this administrative review with respect to these companies. Even if these companies can be viewed as having participated in the administrative review with their rejected August 27, 2025 letter, it does not dictate the resolution of our motion.  Rather, our motion rests upon the fact that these Jinko entities, Jinko Solar (Vietnam) Industries Company Limited (Jinko Solar (Vietnam) Industries Co., Ltd.) and JinkoSolar (U.S.) Inc., are not *interested parties*, as defined by 19 U.S.C. § 1677(9), with respect to the challenged administrative review given that no party requested review of these specific entities.  *See JCM, Ltd. v. United States*, 210 F.3d 1357, 1360 (Fed. Cir. 2000) (quoting 28 U.S.C. § 2631(c)) (there are two requirements to proceed under 28 U.S.C. § 1581(c): a plaintiff must be (1) "an 'interested party,'" *and* (2) "a 'party to the proceeding.'").

1.      Jinko argues that our interpretation of the statute has "misconstrued" the statutory scheme, Pl. Resp. at 8, because CBP did not make a determination regarding the sufficiency of Jinko's certifications until after the deadline to request an administrative review had passed.  *Id.* at 9.  But Jinko could have requested an administrative review to protect its entries while CBP considered Jinko's entry documents so that, should CBP reject its certifications, Commerce could determine the appropriate antidumping rate in this administrative review.  *See Goodluck India Ltd. v. United State*s, 670 F. Supp. 3d 1353, 1372-74 (Ct. Intl. Trade 2023).  Instead, Jinko did

not request an administrative review of its entries, perhaps hoping that CBP would accept its certifications—a perfectly acceptable business decision, but one with consequences.  Thus, because there was no timely review request, Commerce did not initiate a review with respect to the Jinko entities involved in this case.  *See Initiation Notice*, 89 Fed. Reg. at 8,643-44.  The threshold determination for purposes of establishing whether the Court has jurisdiction to entertain Jinko's challenge to the final results of this administrative review is whether Jinko is an exporter or producer of "subject merchandise" within the meaning of 19 U.S.C. § 1677(25), which by statute must be within the scope of the review that Jinko wishes to challenge.  Although Jinko filed a letter on the record, that filing does not allow Jinko to belatedly parachute into the review as an interested.  Jinko does not have standing to bring a challenge on behalf of these specified entities and this Court therefore does not possess jurisdiction over the claims.

Jinko's reading of the statute would also render the word "review" in 19 U.S.C. § 1677(25) superfluous.  *See Salman Ranch Ltd. v. U.S.*, 573 F.3d 1362, 1371 (Fed. Cir. 2009) ("'a legislature is presumed to have used no superfluous words'") (quoting *Platt v. Union Pac. R. Co.*, 99 U.S. 48, 58 (1878)).  In the definition of subject merchandise, section 1677(25) separately lists merchandise "within the scope of an investigation, a review, a suspension agreement, an order under this title . . . , or a finding under the Antidumping Act, 1921."  Under the statute, Commerce conducts reviews of "a countervailing duty order . . ., an antidumping duty order . . ., or a notice of the suspension of an investigation{.}"  19 U.S.C § 1675(a).  Inclusion of the word "review" in the definition of subject merchandise would therefore be superfluous under Jinko's interpretation of section 1677(25) if merchandise "within the scope" of an order or suspension agreement were also always "within the scope" of a review.  Here, Jinko's

entries are not subject merchandise that is "within the scope of . . . a review" in question in this litigation under 19 U.S.C. § 1677(25).

At bottom, Jinko's argument boils down to this—it is an interested party simply because its entries are subject to the antidumping duty order on solar cells and modules from China.  Pl. Resp. at 8-10.  But to challenge its placement under the order, it would have had to file its challenge within thirty days of publication of the order, and otherwise comply with the requirements of each annual review.  19 U.S.C. § 1516a(a)(2)(A)(ii).  This order was published in 2012.  *Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Amended Final Determination of Sales at Less Than Fair Value, and Antidumping Duty Order*, 77 Fed. Reg. 73,018 (Dep't of Commerce Dec. 7, 2012)).

2.      The opportunity to seek review annually is consistent with the statutory and regulatory scheme.  *See* 19 C.F.R. § 351.212; 19 U.S.C. §§ 1673d(c)(1)(B)(ii), 1673e(c)(3).  Congress did not design 28 U.S.C. § 2631 to allow parties to circumvent the requirement to request a review of an order by appearing at the case brief stage of proceedings.  *Goodluck India* supports this conclusion.  In that case, the plaintiff argued that because it was not covered by the final antidumping duty determination, it "had no right to request {an administrative review} during the anniversary month."  *Goodluck India*, 670 F. Supp. 3d at 1372.  The Court observed that "{i}mplicit in this argument is that when the right to request was unavailable during the anniversary month, Goodluck was otherwise entitled to a right to request at some other time.  Not so, on both counts."  *Id*. at 1372.  Thus, the right to request a review exists if there is "sufficient scope to include or take into account a particular exporter or producer in order for that

exporter or producer to request {an administrative review}." *Id.*[3]   Where, as here, a party fails to timely request annual review, the rates required at the time of entry remain in effect (whether the existing company-specific rate or all others rate) and would apply to entries for which no review was timely requested.  19 C.F.R. § 351.212(c)(1)(i-ii).

3.      Jinko contends that Commerce can, and should have, modified the deadline to request an administrative review.  *See* Pl. Resp. at 4-7.  This argument does not address this Court's jurisdiction, but instead relates to the merits, which this Court cannot address before satisfying itself of jurisdiction.

Regardless, Jinko argues Commerce should have initiated review of its entries upon Jinko's untimely August 27, 2025 request for review.  *Id.* at 4-7 (citing 19 U.S.C. § 1675(a)(1)).  However, the statute places *no* restriction on Commerce's ability to establish reasonable deadlines for making "a request for such a review{.}"  *See* 19 U.S.C. § 1675(a)(1).  And this request, made months after Commerce issued the *Preliminary Results* in April 2025, is far past any reasonable deadline.  *See Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Preliminary Results of Antidumping Duty Administrative Review; 2022-2023*, 90 Fed. Reg. 15,439 (April 11, 2025).  Jinko does not provide a single example of Commerce accepting a request for review under similar circumstances.  Rather, the statute requires Commerce to consider requests for review "{a}t least once during each 12-month period beginning on the anniversary of the date of publication of a countervailing duty order under this title{.}"  *Id.*

---

[3]  Jinko had this opportunity when its Vietnamese products were found to be circumventing the China orders in 2023, requiring the certification process by CBP at issue here. Compl. ¶ 19.

Commerce has established deadlines for requesting an administrative review to administer the statute in an orderly manner, as Commerce has established deadlines for parties to submit factual information. *See* 19 C.F.R. §§ 351.213(b), 351.301. As the Supreme Court has indicated, "{a}bsent constitutional constraints or extremely compelling circumstances the administrative agencies should be free to fashion their own rules of procedure and to pursue methods of inquiry capable of permitting them to discharge their multitudinous duties." *Vermont Yankee Nuclear Power Corp. v. Nat. Res. Def. Council, Inc.*, 435 U.S. 519, 543 (1978) (internal quotations and citations omitted). Commerce's latitude in establishing deadlines for requesting an administrative review of a particular company is particularly strong, where (as here) Congress imposed statutory deadlines for issuing preliminary and final determinations in administrative reviews. 19 U.S.C. § 1675(a)(3). Here, consistent with the statute, its regulations and practice, Commerce provided an opportunity to request an administrative review within the anniversary month of the AD order and initiated review of all entities for which review was timely requested. *See Initiation Notice*; *see also Antidumping or Countervailing Duty Order, Fining, or Suspended Investigation; Opportunity to Request Administrative Review and Join Annual Inquiry Service List*, 88 Fed. Reg. 83,917 (Dep't of Commerce Dec. 1, 2023); 19 C.F.R. § 351.213(b).

Central to Jinko's argument is the suggestion that it was not aware it needed to request an administrative review until CBP rejected Jinko's certifications. Pl. Resp. at 9-10. But, whether Jinko knew or should have known that its merchandise could be subject to the antidumping order is irrelevant to the threshold inquiry of whether Jinko was an interested party to the administrative review proceeding. Even if it were relevant, Jinko should have known that their merchandise could be subject to the order because,, due to Commerce's circumvention determination, Jinko's entries were *already* subject to the orders on solar cells from China unless

7

properly certified, as determined by Commerce or CBP.  As Commerce stated in its *Final*

*Circumvention Determination*,

> {t}he claims made in the certifications and any supporting documentation are subject to verification by Commerce and/or CBP. . . .  If it is determined that an importer and/or exporter has not met the certification and/or related documentation requirements for certain entries, Commerce intends to instruct CBP to suspend, pursuant to these country-wide affirmative determinations of circumvention {of} the *Orders*, all unliquidated entries for which these requirements were not met and require the importer to post applicable AD and CVD cash deposits.

*Antidumping and Countervailing Duty Orders on Crystalline Silicon Photovoltaic Cells, Whether*

*or Not Assembled Into Modules, From the People's Republic of China: Final Scope*

*Determination and Final Affirmative Determinations of Circumvention With Respect to*

*Cambodia, Malaysia, Thailand, and Vietnam*. 88 Fed. Reg. 57,419, 57,423 (Dep't of Commerce

Aug. 23, 2023) (*Final Circumvention Determination*) (citations omitted)).  This is further

supported by Commerce's liquidation instructions, which stated:

> 1. Commerce does not automatically conduct administrative reviews of antidumping duty orders.  Instead, reviews must be requested pursuant to {19  U.S.C. § 1675(a)(1)}, and in accordance with 19 CFR 351.213.
>
> 2.  Commerce has not received a request for an administrative review of the antidumping duty order for the period and on the merchandise identified below except for firms listed in paragraph 3.  Therefore, in accordance with 19 CFR § 351.212(c), you are to liquidate all entries for all firms except those listed in paragraph 3 . . . .

Automatic Liquidation Instructions (Mar. 25, 2024) (P.R. 78) at 3.

Again, contrary to Jinko' contentions, Pl. Resp. at 10-15, this situation is quite similar to

*Goodluck India*.  In that case, the plaintiff's entries were provisionally excluded from the order,

and the plaintiff thus did not request administrative review.  *Goodluck India*, 670 F. Supp. 3d at

1367-68.  Commerce declined to consider the plaintiff's late request for review after the

plaintiff's entries were later brought back into the relevant order.  This Court upheld Commerce's

decision.  *Id.* at 1369, 1385.  Similarly, here Jinko was aware of the country-wide circumvention determination subjecting producers of solar cells in the circumventing countries to the orders on solar cells from China unless those producers' entries were properly certified.  *See Final Circumvention Determination*, 88 Fed. Reg. at 57,420.  As such, while Jinko's entries were provisionally not treated as being subject to the orders by CBP, Jinko should have timely requested administrative review if it had wished to be assigned a review-specific rate should CBP find those certifications deficient.  *See Goodluck India*, 670 F. Supp. 3d at 1372-74.

Jinko's dispute, at its core, is with CBP's reclassification of its entries due to CBP's independent determinations that Jinko's certifications were deficient, and not with any decision Commerce made in *this* administrative review.  *See* Pl. Resp. at 8-9.  This is not related to whether these Jinko entities are interested parties in *this* administrative review.  Thus, Jinko Solar (Vietnam) Industries Company Limited (Jinko Solar (Vietnam) Industries Co., Ltd.) and JinkoSolar (U.S.) Inc. lack standing to challenge it.

## CONCLSUION

For these reasons and those explained in our motion, we respectfully request that the Court dismiss Jinko Solar (Vietnam) Industries Company Limited (Jinko Solar (Vietnam) Industries Co., Ltd.) and JinkoSolar (U.S.) Inc. from the case.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

CLAUDIA BURKE
Deputy Director

OF COUNSEL:                         /s/ Collin T. Mathias
Jack Dunkelman                      COLLIN T. MATHIAS
Attorney                           Trial Attorney
Department of Commerce             Commercial Litigation Branch
Office of Chief Counsel for Trade  U.S. Department of Justice
Enforcement & Compliance           Civil Division
1401 Constitution Avenue, NW       P.O. Box 480
Washington, DC 20230               Ben Franklin Station
                                   Washington, D.C., 20044
                                   Tel: (202) 307-0315
                                   Email: Collin.T.Mathias@usdoj.gov


August 3, 2026                     *Attorneys for Defendant*

**CERTIFICATE OF COMPLIANCE**

I hereby certify that this response complies with the word limitation in Court of International Trade Standard Chambers Procedures § 2(B)(1), and contains approximately 2465 words, excluding the parts of the brief exempted from the word limitation.  In preparing this certificate of compliance, I have relied upon the word count function of the word processing system used to prepare the brief.


/s/ Collin T. Mathias